Filed 2/16/23  P. v. Santana CA2/6
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANDRES SANTANA,<br><br>    Defendant and Respondent. | 2d Crim. No. B299353<br>(Super. Ct. No. TA063973)<br>(Los Angeles County)<br><br><br>OPINION FOLLOWING<br>TRANSFER FROM<br>SUPREME COURT |

Andres Santana was convicted in 2002 of two counts of murder (Pen. Code, § 187, subd. (a))[1] and two counts of robbery (§ 211).  The jury found true the special circumstance allegations that Santana committed the murders while engaged in a robbery (§ 190.2, subds. (a)(17)(A), (d)), for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), which resulted in multiple murders (§ 190.2, subd. (a)(3)).  The trial court sentenced Santana to life without the possibility of parole plus 10 years for the gang

---

[1] All statutory references are to the Penal Code.

enhancement. We affirmed his convictions on appeal. (*People v. Santana* (Apr. 11, 2005, B167415) [nonpub. opn.] (*Santana I*).)

In 2019, Santana filed a petition to vacate his murder convictions and to be resentenced pursuant to section 1170.95, which was added to the Penal Code by Senate Bill No. 1437 (S.B. No. 1437). (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)[2] The trial court denied the petition without appointing counsel. It concluded the petition lacked merit because (1) the jury determined Santana was a major participant in the underlying crime by finding the felony-murder special circumstance true and (2) the jury was not instructed on the natural and probable consequences doctrine.

In an unpublished opinion, we affirmed the trial court's order denying Santana's resentencing petition, concluding that the jury's true special circumstance finding precluded relief under section 1172.6 as a matter of law. (*People v. Santana* (Mar. 3, 2022, B299353) [nonpub. opn.] (*Santana II*).)

The California Supreme Court granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). By separate order, we vacated our opinion.

In post-transfer supplemental briefing, the parties agree that under *Strong* the jury's true finding on the robbery-murder special circumstance does not render Santana ineligible for relief as a matter of law. Upon reconsideration, we reverse and remand for further proceedings under section 1172.6.

---

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

FACTS AND PROCEDURAL HISTORY[3]

In the late evening, victims Reynaldo Aguilar and Tony Esquer were sitting in a parked SUV with Raul Mata. The three men had smoked crack cocaine earlier that day and were drinking beer in the SUV.

Mata saw Santana and a man named Eric walk by. Mata recognized Santana as a man he had seen in the neighborhood from time to time over the past few years. Mata knew that Santana and Eric were members of the Lynnwood Dukes street gang.

Mata left the SUV to buy more beer while Aguilar and Esquer remained in the vehicle. While Mata was on the street, Santana and Eric approached him and demanded money. Eric took $10 out of Mata's pocket.

Santana and Eric began walking towards the SUV. Mata followed. As Santana and Eric reached the SUV, Mata saw a third person hiding behind the vehicle. Either Santana or Eric opened the door. They demanded money and started beating Aguilar. Mata hid for a few minutes and then fled and called 911. It was later determined that Aguilar and Esquer suffered multiple bruises and more serious wounds to the head. Both died from skull fractures caused by a blunt instrument.

A few minutes after Mata's 911 call, police officers arrived at the scene and discovered the bodies near the SUV. Mata approached the police and immediately identified the assailants as Santana and Eric. An officer testified that Mata described Santana as five feet ten inches tall with a bald head. But, at

---

[3] We take the facts from the unpublished opinion we issued in 2005 affirming Santana's convictions. (*Santana I*, *supra*, B167415.)

trial, Mata testified that Santana was about five feet five or six inches tall. Mata admitted he had consumed about 18 beers during the day, including four within two or three hours prior to the murders.

The morning after the murders, Mata was asked to look at a photographic "six-pack" provided by the police. He stated he did not want to get involved and at first failed to identify Santana or anyone else. After a break, Mata identified Santana as one of the assailants. Mata also identified Santana in a lineup in June 2002, and at trial in November 2002.

"In 2019, Santana filed a petition to vacate his murder convictions and obtain resentencing pursuant to section 1170.95, which was added to the Penal Code by [S.B.] No. 1437. (Stats. 2018, ch. 1015, § 4.) The trial court denied the petition without appointing counsel. It determined the petition lacked merit because (1) the jury found Santana 'was a major participant in the underlying crime' by finding the felony-murder special circumstance true and (2) the jury was not instructed on the natural and probable consequences doctrine." (*Santana II*, *supra*, B299353).)

Santana appealed the order denying the petition. We affirmed, concluding "the true finding on the felony-murder special circumstance allegation rendered him ineligible for section 1170.95 relief as a matter of law." (*Santana II*, *supra*, B299353).)

DISCUSSION

S.B. No. 1437 amended the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who

4

acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(1)-(3), as amended by Stats. 2018, ch. 1015, § 3.)

S.B. No. 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit briefs. (§ 1172.6, subds. (b)(3) & (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§ 1172.6, subds. (c), (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court ""takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual

5

allegations were proved.""" (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether the petitioner has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) The "'prima facie bar was intentionally and correctly set very low.'" (*Ibid.*)

Years after Santana's convictions, our Supreme Court issued *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the analysis for who qualifies as a major participant acting with reckless indifference to human life. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other grounds in *Lewis*, *supra*, 11 Cal.5th at p. 963.)

After we rejected Santana's arguments in our previous opinion, the Supreme Court decided *Strong*, which held: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, *supra*, 13 Cal.5th at p. 710.)

Here, the trial court decided that the jury's pre-*Banks/Clark* findings precluded Santana from making a prima facie showing as a matter of law. This decision does not survive *Strong's* holding that such findings do not preclude a prima facie showing. (*Strong*, *supra*, 13 Cal.5th at p. 710.).

Santana's resentencing petition is facially sufficient, as it alleges the essential facts necessary for relief under section 1172.6. (§ 1172.6, subds. (a)-(c); *Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) Since nothing in the record demonstrates that Santana is ineligible for relief as a matter of law, we reverse and remand

for further proceedings.  (§ 1172.6, subd. (d).)  We express no opinion as to the ultimate resolution of the petition.

DISPOSITION

The trial court's order denying Santana's section 1172.6 petition for resentencing is reversed.  On remand, the trial court shall issue an order to show cause and, to the extent necessary, shall hold an evidentiary hearing on the petition.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

7

Michael J. Shultz, Judge

Superior Court County of Los Angeles

_____

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.